Sherry ROBINSON, Administratrix of the Estate of William F. Taylor, Deceased, Plaintiff–Appellee,

v.

Frank BIBB, Jr., Individually and as Police Officer in the Police Department of the City of Cleveland, Defendant–Appellant,

William Hanton; et al., Defendants.

No. 86–4088.

United States Court of Appeals, Sixth Circuit.

Argued Oct. 8, 1987.

Decided Feb. 26, 1988.

Opinion on Denial of Rehearing May 3, 1988.

Craig C. Cobb (argued), Marilyn G. Zack, Nick Tomino, Director of Law, Cleveland, Ohio, for defendant-appellant.

Stuart I. Garson, Jay S. Hanson (argued), Garson & Associates, Cleveland, Ohio, for plaintiff-appellee.

Before WELLFORD and GUY, Circuit Judges, and HARVEY, Senior District Judge.[*]

WELLFORD, Circuit Judge.

The question in this case is when does a judicial decision operate to strip a public official of good faith immunity by becoming "clearly established" law. Although this is a question which is presently subject to a good deal of debate among the courts, we now affirm the district court's denial of immunity based on the facts of this case.

[*] The Honorable James Harvey, United States District Court for the Eastern District of Michigan, sitting by designation.

## I.

The pertinent facts are not in dispute here. On March 31, 1985, Cleveland police officer Frank Bibb shot William Taylor to death as he was fleeing the scene of a felony. Bibb had just left his house to go to work and had caught Taylor in the process of dismantling his car. When Bibb identified himself as a police officer, Taylor began to run away, disregarding the warning stop, and was shot by Bibb. This incident took place four days after filing of the Supreme Court decision in *Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985).[1]

The plaintiff in this civil action is Taylor's sister, Sherry Robinson, acting as administratrix of his estate, who brought a section 1983 action against Bibb for violation of Taylor's constitutional rights. Bibb moved for summary judgment based on the qualified immunity granted in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982). His claim of qualified immunity is based on his unchallenged assertion that he was unaware of the Supreme Court's *Garner* decision when he shot Taylor and did not know he was violating Taylor's constitutional rights at the time. He also claimed that four days is not enough time for the average police officer to have known about the *Garner* Supreme Court decision.

The district court denied Bibb's motion and he now appeals claiming, in sum, that Taylor's right not to have deadly force used against him was not clearly established when the fatal incident occurred.

## II.

■ A police officer's immunity is qualified, not absolute. The protection can be claimed only if an official can show that he neither "knew or reasonably should have known that the action he took within his sphere of official responsibility would violate the constitutional rights ... affected, or ... took action with the malicious intention to cause a deprivation of a constitutional right or other injury...." *Wood v.*

*Strickland,* 420 U.S. 308, 322, 95 S.Ct. 992, 1001, 43 L.Ed.2d 214 (1975). Plaintiff does not claim here that Bibb acted intentionally to take away Taylor's constitutional rights when he fired at him. Neither is there any contest about Bibb's claim that he was personally unaware of the Supreme Court's recent *Garner* decision. The only question is whether Bibb should nevertheless have known he had no right to use deadly force in the situation because that issue had been "clearly established", and definitively decided. *Wood,* 420 U.S. at 322, 95 S.Ct. at 1001.

■ A decision of the Supreme Court in a specific case may clearly establish a constitutional right. See *Hobson v. Wilson,* 737 F.2d 1, 26 (D.C.Cir.1984), *cert. denied sub nom. Brennan v. Hobson,* 470 U.S. 1084, 105 S.Ct. 1843, 85 L.Ed.2d 142 (1985). Bibb recognizes that he cannot challenge the legal effect of the Supreme Court's *Garner* decision that Taylor had a right not to be shot as he fled under the circumstances. He makes a convincing argument, however, that even though the clearly established right existed, it was not unreasonable for him not to know of it four days after it was decided. Although the Supreme Court has stated that a reasonably competent public official should know the law governing his conduct, it has also recognized that in extraordinary circumstances a public official may be able to show he should not be imputed with knowledge of an admittedly clearly established right. *Harlow v. Fitzgerald,* 457 U.S. 800, 819, 102 S.Ct. 2727, 2739, 73 L.Ed.2d 396 (1982). Absent a showing that the average police officer would know of such a Supreme Court pronouncement within such a period of a few days, we believe Bibb's claim might fall within the exception discussed in *Harlow.*[2] Were the Supreme Court's decision in *Garner* the first indication of Taylor's newly recognized constitutional right, we might be inclined to agree that Bibb's immunity applies. This is not the case before us upon further examination of the facts.

---

1. In this decision the Supreme Court held for the first time that the use of deadly force in apprehending a nondangerous fleeing felon is a violation of the fourth amendment. *Garner,* 471 U.S. at 11, 105 S.Ct. at 1701. There is no evidence that Taylor was anything other than a fleeing felon fitting within the *Garner* rule.

2. Evidence that the average police officer might know of such a decision could be supplied through affidavits that the news was widely published in newspapers or broadcast through other media. We would not presume a lack of knowledge among public officials where the time between the decision and the challenged action involved a much longer period than the four days here established.

## III.

■ The facts that prove fatal to Bibb's defense involve this court's decision *in 1983* which established the law of this circuit two years prior to the shooting in question. In *Garner v. Memphis Police Dept.*, 710 F.2d 240 (6th Cir.1983), this circuit made the following holding:

Before taking the drastic measure of using deadly force as a last resort against a fleeing suspect, officers should have probable cause to believe not simply that the suspect has committed some felony. They should have probable cause also to believe that the suspect poses a threat to the safety of the officers or a danger to the community at large. *Garner*, 710 F.2d at 246.

Because we are satisfied that this court can "clearly establish" even a newly recognized constitutional right, as in *Garner*, Bibb's claim must fail.

The Supreme Court has failed to clarify whether only its own pronouncements can clearly establish a constitutional right, or whether lower court decisions will operate to the same effect. In one case, for example, the Court examined decisions of several appellate and district courts before concluding that none had decided the particular question at issue. Therefore it did not address the issue of whether lower court decisions could clearly establish such a right. *Procunier v. Navarette*, 434 U.S. 555, 565 n. 13, 98 S.Ct. 855, 861–62 n. 13, 55 L.Ed.2d 24 (1978). The Court again avoided the issue in *Harlow v. Fitzgerald*, 457 U.S. 800, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982): "As in *Procunier v. Navarette* ... we need not define here the circumstances under which the 'state of the law' should be 'evaluated' by reference to the opinions of this Court, of the Courts of Appeals, or the local District Court." *Id.* at 818 n. 32, 102 S.Ct. at 2738 n. 32.

Consequently, we have had no specific Supreme Court guidance in deciding when an issue becomes clearly established. *See Hobson*, 737 F.2d at 25–26. The methods used by the other courts addressing the issue, however, lead us to decide that Bibb,

as a reasonable police officer, should have known that Taylor had a right not to be shot unless he was perceived to pose a threat to the pursuing officers or to others during flight.

■ In order to be clearly established, a question must be decided either by the highest state court in the state where the case arose, by a United States Court of Appeals, or by the Supreme Court. *Wallace v. King*, 626 F.2d 1157, 1161 (4th Cir. 1980), *cert. denied*, 451 U.S. 969, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981). *See also Colaizzi v. Walker*, 812 F.2d 304 (7th Cir. 1987) (deals only with Seventh Circuit decisions in deciding if issue is well settled). *But see Capoeman v. Reed*, 754 F.2d 1512, 1514 (9th Cir.1985). Although we have not previously addressed the issue, we believe *Wallace* sets the proper standard in considering a claim of official immunity.

Applying the *Wallace* criteria, we conclude that the law was clearly established in the Sixth Circuit long before Bibb took the action which initiated this dispute. Our court has jurisdiction to hear federal claims and diversity cases from federal courts in Ohio. We hold therefore under these circumstances that Bibb cannot claim immunity on the basis of his claimed ignorance about constitutional rights of fleeing felons, such as Taylor, in March of 1985.

## IV.

The decision of the district court is therefore AFFIRMED.

## ORDER

Defendant-appellant has filed a petition for rehearing following entry of our decision in this case on February 26, 1988. The principal ground of the motion is that our decision in *Garner v. Memphis Police Department*, 710 F.2d 240 (6th Cir.1983), *aff'd sub nom., Tennessee v. Garner*, 471 U.S. 1, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985), cited as the basis for our decision, did not "clearly establish" the law concerning the personal liability of a police officer for his use of deadly force against an alleged fleeing felon. While we may agree with Bibb that our *Garner* decision (styled *Garner II*

by appellant), may have seemed inconsistent with *Wiley v. Memphis Police Department,* 548 F.2d 1247 (6th Cir.), *cert. denied,* 434 U.S. 822, 98 S.Ct. 65, 54 L.Ed.2d 78 (1977), and other earlier decisions of this court to the same effect, this gives no basis for Bibb to argue that somehow *Garner* did not establish in *this* circuit the law to guide police officers in this area under the novel fourth amendment approach used in *Garner II.*

While it is also true that for some time after the *Garner II* decision its ultimate status may have been in doubt because the Supreme Court granted a petition for certiorari in respect to that decision, a police officer using deadly force on a fleeing felony suspect, who posed no threat to him or danger to the safety of the public, acted at his risk and we believe could claim no good faith immunity by reason of his actions and subjective intentions.

The shooting in this case took place approximately two years after *Garner II* had been decided. This was sufficient time in any event to put Bibb on notice of the newly established law in this circuit as expressed in *Garner II.* We observe further that here we are dealing with the prospective effect of *Garner II,* not whether it should be applied retroactively.

Accordingly, we DENY the petition to rehear for the reasons stated.