**Evan QUINONES, Plaintiff,**

v.

**Dale HOWARD, Officers Cotton, Marinaccio, Naab, Fields, Sergeants Jefferson, Pikula, Defendants.**

No. 95–CV–6055L.

United States District Court,
W.D. New York.

Dec. 11, 1996.

Evan Quinones, Sheriff's P.S.B. Jail Syracuse, NY, pro se.

James L. Gelormini, Office of the New York State Attorney General, Rochester, NY, for defendants.

## DECISION AND ORDER

LARIMER, Chief Judge.

### BACKGROUND

Plaintiff, Evan Quinones ("Quinones"), filed a complaint pursuant to 42 U.S.C. § 1983 on February 1, 1995, alleging that various Department of Corrections (DOCS) employees violated his constitutional rights. Quinones, a prisoner at the time of the alleged violations, had tested positive for the AIDS virus and was taking AZT. Quinones' complaint alleges various constitutional violations concerning the distribution of his AZT medication, communications to others regarding his HIV-positive status, and claims of retaliation.

Defendants, with the exception of Michael A. Marinaccio ("Marinaccio"), move to dismiss the complaint, arguing that the statute of limitations for filing the action had expired prior to the complaint being filed. Marinaccio moves to dismiss the complaint for failure to state a claim or, alternatively, on qualified immunity grounds.

For the reasons discussed, *infra*, defendant Marinaccio's motion to dismiss is granted. The motion to dismiss brought on behalf of all other defendants on the basis of the statute of limitations is denied.

### DISCUSSION

**I. Motion to Dismiss: The Legal Standard.**

On a motion to dismiss, the trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli,* 616 F.2d 636, 639 (2d Cir.1980); see *Ricciuti v. N.Y.C. Transit Authority,* 941 F.2d 119, 124 (2d Cir.1991). "[T]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974). The Court should grant a motion to dismiss "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King and Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984).

The motion must be decided based on the allegations contained on the face of the complaint. *Kramer v. Time Warner, Inc.,* 937 F.2d 767, 773 (2d Cir.1991). Moreover, on a motion to dismiss, the court must accept plaintiffs' factual allegations as true, *Papasan v. Allain,* 478 U.S. 265, 283, 106 S.Ct. 2932, 2943, 92 L.Ed.2d 209 (1986), and the allegations must be "construed favorably to the plaintiff." *LaBounty v. Adler,* 933 F.2d 121, 123 (2d Cir.1991). Finally, "a rule 12(b)(6) motion to dismiss need not be granted or denied in toto but may be granted as to part of a complaint and denied as to the remainder." *Decker v. Massey–Ferguson, Ltd.,* 681 F.2d 111, 115 (2d Cir.1982).

**II. Statute of limitations**

Defendants, with the exception of Marinaccio, claim that the conduct alleged by Quinones that constitutes the basis of his lawsuit all occurred between December 19, 1991 and January 15, 1992. According to defendants, because the complaint was not filed until February 1, 1995, the action is time-barred.

Quinones, on the other hand, claims that he gave an envelope containing his complaint to a corrections officer in either November or December, 1994 for mailing to the court, but the envelope was misplaced by DOCS employees and was not mailed until late January, 1995. Quinones claims that he has docu-

mentation to support his assertions but has not submitted this material to the court because he has been housed temporarily at a different facility with no access to any of his papers regarding the current lawsuit.

I recognize, of course, that on a motion to dismiss, matters outside the complaint should not be considered. Thus, technically, consideration of Quinones affidavit would convert the present motion to one for summary judgment. However, I do not have to rely on Quinones' affidavit in order to deny defendants' motion. The complaint itself is dated November 11, 1994 and the affirmation of service was notarized and dated December 2, 1994. This, in and of itself, raises enough of a question as to when the complaint was "filed" so as to defeat the motion to dismiss.

The defense in this case turns on what constitutes a "filing" of a complaint. Fed. R.Civ.P. 5(e) provides that "[t]he filing of papers with the court as required by these rules shall be made by filing them with the clerk of the court ..."

However, in interpreting Fed.R.Civ.P. 5(e) the Second Circuit has held that a prisoner filing a § 1983 complaint is "not required to do more under Fed.R.Civ.P. 5(e) than turn his complaint over to prison officials within the statute of limitations period." *Dory v. Ryan,* 999 F.2d 679, 682 (2d Cir.1993). Thus, Quinones' complaint would be deemed "filed" when he handed it over to officials at the correctional facility. Depending on when Quinones did this, all or some of his claims may be timely. Thus, it is premature at this stage to grant a motion to dismiss on the basis of the statute of limitations.

### III. Qualified immunity

In his complaint, Quinones alleges that on or about June 27, 1992, while performing his job at the prison, he suffered an injury that caused him to lose a good deal of blood. According to Quinones, Marinaccio stated to two other inmates in the vicinity: "don't touch that blood cause that guy has the Aides Virus." Plaintiff's Statement of Facts, p. 5.

■ Marinaccio moves to dismiss the complaint on the basis of qualified immunity. It is well-established that issues involving the defense of qualified immunity should ordinarily be decided "at the earliest possible stage in litigation." *Anderson v. Creighton,* 483 U.S. 635, 646 n. 6, 107 S.Ct. 3034, 3042 n. 6, 97 L.Ed.2d 523 (1987); *Hunter v. Bryant,* 502 U.S. 224, 226–27, 112 S.Ct. 534, 536, 116 L.Ed.2d 589 (1991).

Consistent with this edict, the Second Circuit has said that "[t]he better rule ... is for the court to decide the issue of qualified immunity as a matter of law, preferably on a pretrial motion for summary judgment when possible ..." *Warren v. Dwyer,* 906 F.2d 70, 76 (2d Cir.1990).

■ While the present case is currently before me on a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), a finding of qualified immunity would be proper if the basis for finding qualified immunity is apparent from the face of the complaint. *Green v. Maraio,* 722 F.2d 1013, 1019 (2d Cir.1983). Such is the case here. It is apparent from the face of Quinones' complaint that Marinaccio is entitled to qualified immunity.

"State officials performing discretionary functions are shielded from liability for civil damages in § 1983 actions insofar as their conduct does not violate clearly established ... constitutional rights of which a reasonable person would have known. Even when such rights are clearly established, qualified immunity also protects a government official if it is objectively reasonable for [the official] to believe that his acts did not violate those rights." *Russell v. Coughlin,* 910 F.2d 75, 78 (2d Cir.1990) (citations and internal quotations omitted).

The touchstone of the qualified immunity defense is "objective legal reasonableness." *Anderson v. Creighton,* 483 U.S. 635, 641, 107 S.Ct. 3034, 3039–40, 97 L.Ed.2d 523 (1987). The principal issue, therefore, is whether, in late 1991 and early 1992, Quinones, as a prison inmate, had a **clearly established** constitutional right to privacy concerning his HIV status. See *Hawkins v. Steingut,* 829 F.2d 317, 319 (2d Cir.1987). Only if Quinones had such a right, and Marinaccio should reasonably have known that his conduct was illegal, would Marinaccio lose the protection of qualified immunity. *Id.*

In determining whether a particular right was clearly established at the time a defendant acted, the Second Circuit has considered three factors: "(1) whether the right in question was defined with 'reasonable specificity'; (2) whether the decisional law of the Supreme Court and the applicable circuit court support the existence of the right in question; and (3) whether under the preexisting law a reasonable defendant official would have understood that his or her acts were unlawful." *Jermosen v. Smith*, 945 F.2d 547, 550 (2d Cir.1991). District court decisions, by themselves, do not "clearly establish" the disputed constitutional issue. *Hawkins*, 829 F.2d at 321. Further, other Courts of Appeals that have addressed this issue have generally held that a rule may be clearly established by the Supreme Court, the appropriate Court of Appeals, or the highest court in the state in which the case arose. See e.g. *Robinson v. Bibb*, 840 F.2d 349 (6th Cir.1988); *Wallace v. King*, 626 F.2d 1157, 1161 (4th Cir.1980), *cert. denied*, 451 U.S. 969, 101 S.Ct. 2045, 68 L.Ed.2d 348 (1981). *But see Capoeman v. Reed*, 754 F.2d 1512, 1514 (9th Cir.1985) ("in the absence of binding precedent, a court should look to whatever decisional law is available to ascertain whether the law is clearly established . . .").

A number of Circuits, including the Second Circuit, do recognize a qualified constitutional right to the confidentiality of medical records and medical communications. *Doe v. City of New York*, 15 F.3d 264, 267 (2d Cir.1994); *U.S. v. Westinghouse Electric Corp.*, 638 F.2d 570, 577–80 (3d Cir.1980); *Pesce v. J. Sterling Morton High School*, 830 F.2d 789, 795–98 (7th Cir.1987); *F.E.R. v. Valdez*, 58 F.3d 1530, 1535 (10th Cir.1995).[1] *Doe v. City of New York*, supra, involved an HIV-positive plaintiff who filed a complaint with the New York City Human Rights Commission alleging that an airline company refused to hire him because it suspected that he was HIV-positive. The plaintiff thereafter sued the Commission because, in a press release, the Commission disclosed the terms of a conciliation agreement entered into between plaintiff and the airline company. Such disclosure had the effect of identifying plaintiff as HIV-positive. The Court of Appeals, relying in part on *Whalen v. Roe*, 429 U.S. 589, 97 S.Ct. 869, 51 L.Ed.2d 64 (1977), expressly held that an individual "possesses a constitutional right to confidentiality . . . in his HIV status." *Doe v. City of New York*, 15 F.3d at 267.

However, *Doe* was decided in 1994, more than two years after the events at issue concerning Quinones, which occurred during 1991–92. Prior to *Doe*, there was no clear indication from the Second Circuit as to whether there existed a right to confidentiality of an individual's HIV status.

It is true that, prior to the *Doe* decision, there had been some district court cases holding that prison inmates do have a right to privacy concerning their HIV status. *See Nolley v. County of Erie*, 776 F.Supp. 715 (W.D.N.Y.1991) (expressly holding that prison inmates are protected by a constitutional right to privacy from the unwarranted disclosure of their HIV status); *Rodriguez v. Coughlin*, 1989 WL 59607 (W.D.N.Y.1989) (holding that inmates do have a constitutional right to privacy precluding corrections officers from disclosing to others that the inmate suffered from AIDS and finding that a qualified immunity defense was premature at the motion to dismiss stage). However, as stated above, district court decisions cannot suffice to clearly establish an inmate's right to privacy regarding his or her HIV status. District court cases, while evidence of the state of the law, cannot by themselves "clearly establish the law because, while they bind the parties by virtue of the doctrine of res judicata, they are not authoritative as precedent and therefore do not establish the duties of nonparties." *Anderson v. Romero*, 72 F.3d 518, 525 (7th Cir.1995).

Furthermore, *Doe* is distinguishable from the present case because the plaintiff in *Doe* was not a prisoner, as is the case here. It is indisputable that inmates do not possess all

---

**1.** The First Circuit has held that the existence of such a right was an open question and the Sixth Circuit has expressly rejected the right. *See,* *Borucki v. Ryan*, 827 F.2d 836, 848 (1st Cir.1987) and *Doe v. Wigginton*, 21 F.3d 733, 740 (6th Cir.1994), respectively.

of the rights of free persons. *See Anderson v. Romero,* 72 F.3d 518, 522 (7th Cir.1995).

By this I do not mean to imply that prisoners have no right to privacy as to their HIV status. However, the distinction between a free person and an inmate is sufficient enough so as to find that in 1991–92, when the events in question occurred, any such right to privacy a prisoner may have had was not **clearly established.**

I find that the law as to the privacy rights of inmates concerning disclosure of their HIV status was not clearly established in 1991–92, during the time that the events in question took place. This is particularly true where, as here, the disclosure was made in response to what might be described as an emergency situation. Quinones' own complaint alleges that he cut himself and lost a "gross" amount of blood when Marinaccio disclosed Quinones' HIV status to other inmates who were nearby. It was not unreasonable for Marinaccio, who was responsible to a degree for the well-being of inmates under his supervision, to warn other inmates of a potential hazard—Quinones' infected blood. It was objectively reasonable for an officer in 1991–92 to have acted in such a manner. Even if Quinones' did have a privacy right under such circumstances, it cannot be said that any such right was clearly established.

Therefore, I find that Marinaccio is protected by qualified immunity and, as such, the complaint is dismissed as against him.

### CONCLUSION

The motion to dismiss filed by defendants Howard, Cotton, Naab, Fields, Jefferson and Pikula is DENIED.

The motion to dismiss filed by defendant Marinaccio is GRANTED, and the complaint is dismissed as to him.

IT IS SO ORDERED.